UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JII REAL ESTATE, INC., | ) | Case No. 07-17910 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |

### AGREED INTERIM ORDER AUTHORIZING
### DEBTOR TO USE CASH COLLATERAL

Upon consideration of the motion ("Motion")[1] of JII Real Estate, Inc. ("JII"), requesting the entry of an order, pursuant to 11 U.S.C. § 362(c)(2) and Fed. R. Bankr. P. 4001(b), due and proper notice of the Motion having been provided; JII and the Lenders having agreed to JII's use of cash collateral to cover the expenditures set forth on Exhibit A attached hereto, pending a final hearing on the Motion; it is **ORDERED** as follows:

1. The Motion is granted.

2. JII is authorized to use cash collateral for each of the Properties during the period October 1, 2007, through and including the Final Hearing (defined below), to the extent set forth on Exhibit A attached hereto unless otherwise agreed to in writing by LaSalle, GECC and Richard J. Mason, not individually but as chapter 7 trustee for the bankruptcy estates of JII Liquidating, Inc. and IM Liquidating, Inc. (the "Jernberg Trustee"), as applicable.

3. The Debtor shall have no other bank accounts other than its deposit account nos. xxxx8320 and xxxx8272 at J.P. Morgan Chase (the "JPM Accounts") and its deposit account no. xxxx2253 at LaSalle Bank (collectively with the JPM Accounts, the "Accounts").

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

{5138 ORD A0189550.DOC 5}

(a) The Debtor shall deposit into the JPM Account all proceeds of lease payments received after the Petition Date on each Property pledged (a "Mortgaged Property") to either GECC or LaSalle (each a "Lender"). The Debtor shall not withdraw funds from the Accounts except for the purpose of paying general overhead expenses, adequate protection payments and other identifiable budgeted items pursuant to this Order and Exhibit A hereto. The Debtor shall maintain adequate records of the amount of lease payments so deposited, the Mortgaged Property to which they relate, and the amount and purpose of each such disbursement.

(b) The following tracing rules shall govern the determination of GECC's and LaSalle's respective security interests and liens in the Accounts:

   (i) General overhead expenses and other identifiable budgeted items set forth on Exhibit A hereto, but excluding adequate protection payments to LaSalle and GECC, shall take priority over adequate protection payments and shall be first paid from the cash balances in the Accounts on the Petition Date. To the extent that (1) the secured claim of either Lender is not fully satisfied after application of all of the proceeds of their respective collateral (other than the cash balances in the Accounts as of the Petition Date) and (2) the cash balances in the Accounts as of the Petition Date have not been fully exhausted due to the payment of general overhead expenses and other budgeted items, the then-existing balance of the pre-Petition Date cash (the "Remaining Balance") shall be deemed the cash collateral arising from each of the Mortgaged Properties in an amount equal to 33-1/3% of the Remaining Balance.

   (ii) After the amount of general overhead expenses paid from the Accounts exceeds the cash balances in the Accounts on the Petition Date, each disbursement for general overhead expenses shall be deemed a use of each Lender's cash collateral arising from each of its Mortgaged Properties in an amount equal to 33-1/3% of the amount of such disbursement.

   (iii) Post-petition deposits of lease payments in the Accounts on each Mortgaged Property shall be deemed the cash collateral of the Lender secured by such Mortgaged Property.

   (iv) Adequate protection payments to each Lender, including any provisional reimbursement of its attorneys fees and costs, and other disbursements with respect to a Mortgaged Property shall be deemed a use of, and shall be paid solely from, such Lender's post-petition cash collateral in the Accounts arising from the applicable Mortgaged Property.

  (v) The Debtor shall not make any payment to any Lender, or on account of its Mortgaged Property, in an amount that exceeds the cash collateral from time to time deemed on deposit in the Accounts in accordance with the foregoing tracing rules with respect to such Mortgaged Property.

4. In return for the JII's interim use of cash collateral, LaSalle and GECC are granted the following provisional adequate protection for their secured interests:

  (a) LaSalle and GECC shall have a postpetition lien on JII's rents and leases to the same extent, and in the same priority as each of their prepetition liens therein.

  (b) LaSalle shall have reasonable access to Pershing for the purpose of inspecting its collateral and reasonable access to JII's books and records.

  (c) GECC shall have reasonable access to 40th Place and Cottage Grove for the purpose of inspecting its collateral and reasonable access to JII's books and records.

  (d) Subject to paragraph 3(b) of this Order, JII shall make monthly provisional adequate protection payments of $8,490 to GECC from 40th Place's rents.

  (e) Subject to paragraph 3(b) of this Order, JII shall make monthly provisional adequate protection payments of $12,729 to GECC from Cottage Grove's rents.

  (f) Subject to paragraph 3(b) of this Order, JII shall make to LaSalle from Pershing's rents monthly provisional adequate protection payments of interest only in an amount equal to the non-default contract rate of interest provided in the applicable loan documents (as estimated on the attached budget).

  (g) Upon JII's receipt of monthly invoices from counsel to LaSalle and GECC, copies of which should be provided to the United States Trustee, JII shall make monthly provisional adequate protection payments, of an amount not to exceed the amount on the attached budget, on account of postpetition attorneys' fees of (i) LaSalle and (ii) GECC relating only to services performed in connection with 40th Place, to the extent of available funds from the monthly collection of rents for Pershing and 40th place, respectively, after payment of monthly operating expenses. Because the adequate protection payments only relate to two of the Mortgaged Properties, the monthly budgeted amounts shall be allocated equally between counsel to LaSalle and GECC. In other words, in October counsel for each of LaSalle or GECC will not be entitled to

receive more than $5,000 and, thereafter, will not be entitled to receive more than $2,000 in any given month.

5. The Debtor acknowledges and agrees that (i) GECC holds a valid, perfected first priority, enforceable mortgage, security interest and lien in and upon Cottage Grove and the associated collateral (as described in the mortgage), including rents generated therefrom; (ii) GECC holds a valid, perfected first priority, enforceable mortgage, security interest and lien in and upon 40th Place and the associated collateral (as described in the mortgage), including rents generated therefrom; (iii) LaSalle holds a valid, perfected first priority, enforceable mortgage, security interest and lien in and upon Pershing and the associated collateral (as described in the mortgage), including rents generated therefrom.

6. No delay on the part of GECC and/or LaSalle in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude other or further exercise thereof or of any other right, power, or privilege. The rights and remedies hereunder specified are cumulative and not exclusive of any rights or remedies which GECC or LaSalle may otherwise have.

7. The approval of this Order by the Court shall be sufficient and conclusive evidence of the validity, enforceability and perfection of the post petition liens granted to GECC and LaSalle, whether or not GECC or LaSalle elects to file or record financing statements, any other documents, or to take such other steps as may otherwise be required to obtain, evidence or perfect such liens under applicable law; provided, however, upon the request of GECC and/or LaSalle, the Debtor shall execute such other documents as may be reasonably requested to evidence and perfect such liens, and GECC and/or LaSalle may, in its sole discretion, but shall not be required to, file a certified copy of this Agreed Order in any filing or recording office in any jurisdiction in which the Debtor has real or personal property, and such filing or recording

{5138 ORD A0189550.DOC 5}    4

shall be accepted and shall constitute further evidence of perfection of its liens and security interests.

8. Nothing in this Order shall (i) constitute a finding as to the value of any collateral held by GECC or LaSalle or the adequacy of the adequate protection authorized hereunder, or (ii) impair the rights of any party under 11 U.S.C §§362, 363 or 1112(b) or to take any other action or assert any defense permitted by the Bankruptcy Code. Moreover, nothing in this Order shall require GECC or LaSalle to pay or reimburse any fees or disbursements of the Debtor, of any committee appointed in this chapter 11 case, or of any other parties in interest or professionals incurred in connection with this chapter 11 case or any succeeding case or cases under the Bankruptcy Code.

9. The Jernberg Trustee shall have a provisional postpetition liens or interests in JII's rents and leases to the same extent, and in the same priority as his prepetition interests therein, if any, subject to all of the claims, interests and defenses of JII in its capacity as debtor in possession, liens or any subsequent trustee, or the Lenders, which claims, interests and defenses shall not be prejudiced or adversely affected by this Order, and further any such liens are and shall be junior to the mortgages, security interests, and liens of LaSalle and GECC described in Paragraph 5 of this Order.

10. The automatic stay provided by 11 U.S.C. § 362 is hereby modified solely to the extent necessary to effectuate the provisions of this Order.

11. A final hearing on JII's use of cash collateral is set for December __13__, 200_7_, at _9:30_ _a_.m. (the "Final Hearing").

Dated: OCT 1 8 2007

ENTER:

_____
United States Bankruptcy Judge

**AGREED AS TO FORM AND SUBSTANCE:**

JII Real Estate, Inc.

By: _____
One of its attorneys

Steven B. Towbin
Richard M. Fogel
Mark L. Radtke
Shaw Gussis Fishman Glantz
 Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
Tel: (312) 541-0151
Fax: (312) 980-3888

LaSalle Bank National Association

By: _____
One of its attorneys

Thomas F. Blakemore
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700

Richard J. Mason, not individually but as
chapter 7 trustee for the bankruptcy
estates of JII Liquidating, Inc. and IM
Liquidating, Inc.

By: _____
One of his attorneys

Patricia K. Smoots
McGuire Woods
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
Tel: (312) 849-8100
Fax: (312) 849-3690

General Electric Capital Business Asset
Funding Corporation

By: _____
One of its attorneys

Faye Feinstein
Christopher Combest
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL 60661
Tel: (312) 715-5000
Fax: (312) 632-1723

{5138 ORD A0189550.DOC 5}                        6

# EXHIBIT A

## JII Real Estate, Inc.
### Cash Flow Projection

| | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Jun | Jul |
|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Balance | 60,100 | 70,035 | 88,254 | 116,269 | 142,711 | 170,445 | 199,057 | 222,667 | 243,995 | 272,462 |
| **Receipts** | | | | | | | | | | |
| Jemberg-Pershing | 34,778 | 34,778 | 34,778 | 34,778 | 34,778 | 34,778 | 34,778 | 34,778 | 34,778 | 34,778 |
| Jemberg-40th Place | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| Jemberg-Pullman | 13,750 | 13,750 | 13,750 | 13,750 | 13,750 | 13,750 | 13,750 | 13,750 | 13,750 | 13,750 |
| Interest income | 149 | 168 | 218 | 287 | 330 | 421 | 476 | 550 | 584 | 673 |
| Total Receipts | 73,677 | 73,696 | 73,746 | 73,815 | 73,858 | 73,949 | 74,004 | 74,078 | 74,112 | 74,201 |
| **Expenditures** | | | | | | | | | | |
| GE Mortgages: | | | | | | | | | | |
| Beginning Debt Balance | 1,546,412 | 1,532,120 | 1,532,120 | 1,532,120 | 1,532,120 | 1,532,120 | 1,532,120 | 1,532,120 | 1,532,120 | 1,532,120 |
| 40th Place interest only * | 22,863 | 8,490 | 8,490 | 8,490 | 8,490 | 8,490 | 8,490 | 8,490 | 8,490 | 8,490 |
| Beginning Debt Balance | 853,007 | 845,006 | 836,960 | 828,869 | 820,734 | 812,553 | 804,328 | 796,056 | 787,739 | 779,376 |
| Cottage Grove P&I | 12,729 | 12,729 | 12,729 | 12,729 | 12,729 | 12,729 | 12,729 | 12,729 | 12,729 | 12,729 |
| LaSalle Mortgage | | | | | | | | | | |
| Debt Balance | 1,531,564 | 1,531,564 | 1,531,564 | 1,531,564 | 1,531,564 | 1,531,564 | 1,531,564 | 1,531,564 | 1,531,564 | 1,531,564 |
| Interest only | 9,446 | 9,053 | 11,808 | 12,201 | 12,201 | 11,414 | 12,201 | 11,808 | 12,201 | 11,808 |
| Other Expenses: | | | | | | | | | | |
| US Trustee fee | | | | 1,250 | | | 1,250 | | | 1,250 |
| Bank - Lender Counsel | 10,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 |
| Professional-Deloitte | | | | | | | | 7,500 | | |
| Payroll | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 |
| Payroll taxes | 1,054 | 1,054 | 1,054 | 1,054 | 1,054 | 1,054 | 574 | 574 | 574 | 574 |
| ILL Replacement Tax | | | | | | | 3,500 | | | |
| Environmental fees | | 12,500 | | | | | | | | |
| Miscellaneous | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 |
| Total Expenditures | 63,742 | 55,476 | 45,731 | 47,374 | 46,124 | 45,337 | 50,394 | 52,751 | 45,644 | 46,501 |
| Net Increase/(decrease) in cash | 9,935 | 18,220 | 28,015 | 26,441 | 27,734 | 28,612 | 23,610 | 21,327 | 28,468 | 27,700 |
| Low Balance for the month | 14,358 | 23,612 | 54,331 | 81,097 | 108,788 | 136,522 | 160,864 | 181,724 | 210,552 | 237,769 |
| (assumes all payments are in the beginning of the month, but LaSalle and payroll paid on the 15th of the month) | | | | | | | | | | |
| Ending Balance | 70,035 | 88,254 | 116,269 | 142,711 | 170,445 | 199,057 | 222,667 | 243,995 | 272,462 | 300,163 |

* Note that the GE payment for 40th Place for October includes both principal and interest