UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JII REAL ESTATE, INC., | ) | Case No. 07-17910 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |

## AGREED FINAL ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL

Upon consideration of the motion ("Motion")[1] of JII Real Estate, Inc. ("JII"), requesting the entry of an order, pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001(b), due and proper notice of the Motion having been provided; this Court having previously entered the Agreed Interim Order Authorizing Debtor to Use Cash Collateral, the Second Agreed Interim Order Authorizing Debtor to Use Cash Collateral and the Third Agreed Interim Order Authorizing Debtor to Use Cash Collateral (collectively, the "Interim Orders") pending a final hearing on the Debtor's Motion; JII having sold Cottage Grove and remitted all of the net proceeds from such sale to GECC; JII having sold Pershing, paid off LaSalle from such proceeds and retained a significant balance of unencumbered cash from such sale; JII no longer requiring the use of cash collateral for its normal operating expenses; and JII and GECC having agreed, subject to the terms hereof and further order of this Court, to JII's use of cash collateral on a final basis pending JII's sale of 40th Place to cover only (i) adequate protection payments to GECC and (ii) payments to Weaver Boos for its work pertaining to 40th Place; it is **ORDERED** as follows:

1. The Motion is granted.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

{5138 ORD A0204205.DOC}

2. Subject to paragraph 8 of this Order, JII is authorized to use cash collateral for 40th Place from and after April 21, 2008 thru and including the date of the earlier of (i) the sale of 40th Place or (ii) confirmation of JII's liquidating plan in order to (x) make monthly provisional adequate protection payments to GECC in the amount of $22,863 and attorneys fees, as set forth herein and (y) pay Weaver Boos' invoices in an aggregate amount not to exceed $41,900, unless otherwise ordered by this Court or agreed to in writing by GECC.

3. The Debtor shall have no more than four bank accounts, all of which will be maintained at J.P. Morgan Chase as follows: (1) its general operating account (the "Main Account"), (2) its checking account, (3) its Pershing sale proceeds account (the "Proceeds Account") and (4) an account to be established for GECC's cash collateral (the "GECC Account" and collectively, the "Accounts").

   (a) Upon entry of this Order, the Debtor shall transfer from the Main Account to the GECC Account the sum of $69,834, which is the current balance of GECC's cash collateral.

   (b) The Debtor shall deposit into the GECC Account all proceeds of lease payments received for 40th Place after the date of this Order. The Debtor shall not withdraw funds from the GECC Account except for the purpose of paying GECC's adequate protection payments or Weaver Boos pursuant to this Order. The Debtor shall maintain adequate records of the amount of lease payments so deposited and the amount and purpose of disbursements from the GECC Account.

   (c) All cash in the GECC Account shall be deemed the cash collateral of GECC.

   (d) The Debtor shall not make any payment to GECC, or on account of its interest in 40th Place, in an amount that exceeds the cash collateral on deposit from time to time in the GECC Account without further order of the Court.

4. In return for the JII's use of cash collateral, GECC is granted the following provisional adequate protection for its secured interest in 40th Place:

{5138 ORD A0204205.DOC}

2

(a) GECC shall have a postpetition lien on JII's rents and leases to the same extent, and in the same priority as its prepetition liens therein.

(b) GECC shall have reasonable access to 40th Place for the purpose of inspecting its collateral and reasonable access to JII's books and records.

(c) Subject to paragraph 3(d) of this Order, JII shall make to GECC from 40th Place's rents monthly provisional adequate protection payments of $22,863.

(d) Subject to paragraph 3(d) of this Order, upon JII's receipt of monthly invoices from counsel to GECC, copies of which should be provided to the United States Trustee, JII shall make monthly provisional adequate protection payments in an amount not to exceed $2,000 on account of postpetition attorneys' fees of GECC relating only to services performed in connection with 40th Place, to the extent of available funds from the monthly collection of rents for 40th Place.

(e) Subject to paragraph 3(d) of this Order, after payments are made to GECC as provided in paragraphs 4(c) and (d) above, then, and only to the extent funds are available in the GECC Account, JII may make monthly payments to Weaver Boos on account of its invoices in an aggregate amount not to exceed $41,900. Such payments to Weaver Boos are not intended to be, and shall not be deemed to be "carve out" payments under 11 U.S.C. § 506(c), and GECC reserves its right to contest the use of its cash collateral to pay Weaver Boos and its right to require that the Debtor replace any or all of the payments made to Weaver Boos with funds from the Main Account or the Proceeds Account.

5. The Debtor acknowledges and agrees that GECC holds a valid, perfected first priority, enforceable mortgage, security interest and lien in and upon 40th Place and the associated collateral (as described in the mortgage), including rents generated therefrom.

6. No delay on the part of GECC in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude other or further exercise thereof or of any other right, power, or privilege. The rights and remedies hereunder specified are cumulative and not exclusive of any rights or remedies which GECC may otherwise have.

7.  The approval of this Order by the Court shall be sufficient and conclusive evidence of the validity, enforceability and perfection of the post petition liens granted to GECC, whether or not GECC elects to file or record financing statements, any other documents, or to take such other steps as may otherwise be required to obtain, evidence or perfect such liens under applicable law; provided, however, upon the request of GECC, the Debtor shall execute such other documents as may be reasonably requested to evidence and perfect such liens, and GECC may, in its sole discretion, but shall not be required to, file a certified copy of this Agreed Order in any filing or recording office in any jurisdiction in which the Debtor has real or personal property, and such filing or recording shall be accepted and shall constitute further evidence of perfection of its liens and security interests.

8.  Nothing in this Order shall (i) constitute a finding as to the value of any collateral held by GECC or the adequacy of the adequate protection authorized hereunder, or (ii) impair the rights of any party under 11 U.S.C §§362, 363 or 1112(b) or to take any other action or assert any defense permitted by the Bankruptcy Code. Moreover, nothing in this Order shall require GECC to pay or reimburse any fees or disbursements of the Debtor, of any committee appointed in this chapter 11 case, or of any other parties in interest or professionals incurred in connection with this chapter 11 case or any succeeding case or cases under the Bankruptcy Code.

9.  The Jernberg Trustee shall have postpetition liens or interests on 40th Place and in JII's rents and leases to the same extent, and in the same priority as his prepetition liens or interests therein, if any, subject to all of the claims, interests and defenses of JII in its capacity as debtor in possession, any subsequent trustee, or GECC and Jernberg Industries, Inc., which claims, interests and defenses shall not be prejudiced or adversely affected by this Order, and

further any such liens are and shall be junior to the mortgages, security interests, and liens of GECC described in Paragraph 5 of this Order.

10. The automatic stay provided by 11 U.S.C. § 362 is hereby modified solely to the extent necessary to effectuate the provisions of this Order.

**SIGNATURE BLOCKS ON FOLLOWING PAGE**

Dated: __APR 2 8 2008__

ENTER:

/s/ John H. Squires

United States Bankruptcy Judge

**AGREED AS TO FORM AND SUBSTANCE:**

JII Real Estate, Inc.

By: _/s/ Richard M. Fogel_
    One of its attorneys

Steven B. Towbin
Richard M. Fogel
Mark L. Radtke
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
Tel: (312) 541-0151
Fax: (312) 980-3888

Richard J. Mason, not individually but as chapter 7 trustee for the bankruptcy estates of JII Liquidating, Inc. and IM Liquidating, Inc.

By: _/s/ John F. Pollick_
    One of his attorneys

John F. Pollick
Michael M. Schmahl
McGuire Woods
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
Tel: (312) 849-8100
Fax: (312) 849-3690

General Electric Capital Business Asset Funding Corporation

By: _/s/ Faye B. Feinstein_
    One of its attorneys

Faye B. Feinstein
Christopher Combest
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL 60661
Tel: (312) 715-5000
Fax: (312) 632-1723