**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>JII REAL ESTATE, INC.,<br><br>Debtor. | Chapter 11<br>Case No. 07-17910<br>Hon. John H. Squires<br><br>Hearing Date: February 24, 2011<br>Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **February 24, 2011 at 10:00 a.m.,** or as soon as counsel may be heard, I shall appear before the Honorable John H. Squires, in Room 680, Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **Motion For Entry of Final Decree Closing Case,** a copy of which is hereby served upon you, and shall seek the entry of an order in conformity with said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Richard M. Fogel (#3127114)
> Mark L. Radtke (#6275738)
> Shaw Gussis Fishman Glantz
>  Wolfson & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60654
> (312) 541-0151
> Attorneys for the Debtor

## CERTIFICATE OF SERVICE

Richard M. Fogel, an attorney, certifies that he caused to be served true copies of the above notice and attached motion upon the attached Service List by the Clerk of the Court using the CM/ECF system or by First Class Mail, as indicated, on February 11, 2011.

> /s/ Richard M. Fogel

## SERVICE LIST

**VIA CM/ECF SYSTEM**

Patrick S. Layng
United States Trustee for Region 11
219 S. Dearborn Street, Suite 873
Chicago, IL  60604
USTPRegion11.ES.ECF@usdoj.gov

*Attorneys for Richard J. Mason, Trustee*
John F. Pollick
Patricia K. Smoots
McGuire Woods
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1815
jpollick@mcguirewoods.com
psmoots@mcguirewoods.com


*Attorneys for Hephaestus Holdings, Inc. /
Jernberg Industries*
Mark K. Thomas
Jeremy T. Stillings
Proskauer Rose LLP
70 W. Madison Street, Suite 3800
Chicago, IL  60602-4342
mthomas@proskauer.com
jstillings@proskauer.com

*Attorney for GE Capital Business Asset Funding Corporation*
Faye B. Feinstein
Quarles & Brady LLC
300 N. LaSalle Street, Suite 4000
Chicago, IL  60654
faye.feinstein@quarles.com

**VIA FIRST CLASS MAIL**

Kathryn M. Gleason
Office of the U.S. Trustee
219 S. Dearborn St., Suite 873
Chicago, IL 60604

{5138 MOT A0238125.DOC}

R. Thomas Beecham, Trustee
21229 Lily Lake Lane
Crest Hill, IL  60403

Joseph William Giffune, Jr., Trustee
7 S 441 Old College Road
Naperville, IL  60540

Thomas H. McDonald, Trustee
430 Shadow Creek Drive
Palos Heights, IL  60463

Michael Mills
c/o Jimmy D. Parrish
Baker Hostetler
200 South Orange Avenue
SunTrust Center, Suite 2300
Orlando, FL 32801-3432

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In re:** ) | **Chapter 11** |
| ) | |
| **JII REAL ESTATE, INC.,** ) | **Case Nos. 07 B 17910** |
| ) | |
| **Debtor.** ) | |
| ) | **Hon. John H. Squires** |
| ) | |
| ) | **Hearing Date: February 24, 2011** |
| _____ ) | **Hearing Time: 10:00 a.m.** |

**MOTION FOR ENTRY OF FINAL DECREE CLOSING CASE**

Pursuant to 11 U.S.C. § 350, Fed. R. Bankr. P. 3022 and Local Rule 3022-1, Gary Stengler, not individually, but as the estate representative (the "Estate Representative") for the purpose of implementing the Second Amended Plan of Liquidation (the "Plan") filed by JII Real Estate, Inc. (the "Debtor"), hereby moves this Court for entry of a final decree closing the Debtor's case. The Plan has been substantially consummated and the Debtor's estate has been fully administered. In support of this Motion, the Estate Representative states as follows:

**Commencement of the Cases, Jurisdiction and Standing**

1. The Debtor's case was commenced on October 1, 2007 by the filing of a voluntary chapter 11 petition in this Court. Consequently, this Court has jurisdiction over the case, all of the Debtor's property and the subject matter of this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. On September 11, 2008, the Court entered an order confirming the Plan and approving the adequacy of the Debtor's Disclosure Statement. As set forth in the Plan, the Estate Representative was granted all of the rights, powers, duties and immunities of a trustee appointed pursuant to section 1104 of the Bankruptcy Code and was empowered with the right to manage

{5138 MOT A0282475.DOC}                4

the Debtor's estate and control and supervise all post-confirmation responsibilities, including implementation of the Plan.

**Relief Requested**

3. The Estate Representative requests the entry of a final decree closing the Debtor's case. The Estate Representative has fulfilled substantially all of his duties under the Plan

4. On October 19, 2010, the Court entered an order approving an agreement between the Estate Representative, Richard J. Mason, not individually but solely as the trustee (the "Company Trustee") of the chapter 7 estates of JII Liquidating, Inc., f/k/a Jernberg Industries, Inc., JSI Liquidating, Inc., f/k/a Jernberg Sales, Inc. and IM Liquidating, LLC, f/k/a Iron Mountain Industries, LLC (collectively, the "Company Debtors"); Jernberg Industries, Inc. ("New Jernberg") and General Electric Capital Business Asset Funding Corporation ("GE Capital") that (i) resolved certain claims and disputes between the Debtor, New Jernberg and GE Capital; (ii) partially resolved certain claims and disputes between the Debtor and the Company Trustee; and (iii) provided for the sale of the Debtor's unsold parcel of real property commonly known as 328 W. 40th Place, Chicago, Illinois (the "Property").

5. On December 16, 2010, the Court entered an order approving the sale of the Property.

6. The allowed claims of New Jernberg and GE Capital have been paid in full.

7. The Estate Representative has now reached a final resolution of the remaining claims and disputes between the Debtor and the Company Trustee. The Company Trustee has filed a motion in the Company Debtors' cases for approval of the proposed compromise. Upon the entry of an order approving the proposed compromise, the Estate Representative will make a final settlement payment to the Company Trustee.

8.  Except for the final professional fees of the Estate Representative's attorneys and accountants, and the final U.S. Trustee quarterly fee for the first quarter of 2011, there are no other creditors or claimants in this case.

9.  .At the time this Motion was filed, the Estate Representative's only significant remaining duties consisted of: (i) submission of federal and state income tax returns for the year ending December 31, 2010 and short year final returns for 2011; (ii) payment of the final settlement payment to the Company Trustee; (iii) payment of the final professional fees and final U.S. Trustee fee; and (iv) disbursement of the remaining estate funds to the four shareholders of the Debtor[1] (collectively, the "Remaining Duties").

10. Except for the performance of the Remaining Duties, no other motions, contested matters, or adversary proceedings await resolution by this Court.  Based on the foregoing, the Estate Representative submits that the entry of a final decree is warranted at this time.

## Applicable Authority

11. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).  Likewise, Fed. R. Bankr. P. 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.  While the term "fully administered" is not defined in the Bankruptcy Code, it is clear that the entry of a final decree closing a chapter 11 case should not be delayed just because all of the payments required by a plan have not been completed.  *See In re Mold Makers, Inc*., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); *In re Jordan Manufacturing Co. et al.,* 138 B.R. 30, 36 (Bankr. C.D. Ill. 1992).

---

[1] The chapter 11 estates of R. Thomas Beecham. Joseph William Giffune and Thomas H. McDonald and Michael Mills.

**Notice**

12. The Estate Representative served this motion on counsel for the United States Trustee, the Company Trustee, New Jernberg and GE Capital and on the shareholders. No other parties have requested notice in this case. The Estate Representative believes that such notice is appropriate under the circumstances. Consequently, the Estate Representative requests that any further notice of this motion or the Court's hearing thereon be waived.

WHEREFORE, the Estate Representative requests that this Court enter a final decree, substantially in the form attached to the motion, closing the Debtor's chapter 11 case and providing such other relief as may be appropriate under the circumstances.

Respectfully submitted,

Gary Stengler, not personally but as Estate Representative

Dated: February 11, 2011

Steven B. Towbin (#2848546)     By: */s/ Richard M. Fogel*
Mark L. Radtke (#6275738)            One of his attorneys
Richard M. Fogel (#3127114)
Shaw, Gussis, Fishman, Glantz,
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Phone: (312) 541-0151